**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL C. STONEROAD | |
| Appellant | No. 1607 MDA 2014 |

Appeal from the Judgment of Sentence of August 25, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-SA-0000145-2014

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                    **FILED MAY 12, 2015**

Daniel C. Stoneroad appeals from the judgment of sentence that was imposed by the trial court following his summary conviction of driving while operating privilege is suspended or revoked (DUI-related).[1]  Counsel for Stoneroad has petitioned for leave to withdraw as counsel on the ground that Stoneroad's issues on direct appeal are wholly frivolous.  We grant the petition for leave to withdraw as counsel, and we affirm the judgment of sentence.

The trial court set forth the underlying history of this case as follows:

On April 8, 2013, Trooper Michael Trotta, employed by the Pennsylvania State Police for approximately the last four (4) years, while on patrol conducted a traffic stop at the intersection

_____

[1]    75 Pa.C.S.A. § 1543(b)(1).

of [Route] 225 and Rakers Mill Road. While Trooper Trotta was pulling out from Rakers Mill Road onto Route 225, Trooper Trotta observed a blue compact car. The driver of this blue compact car was the defendant, Daniel Stoneroad. Trooper Trotta testified that he was familiar with [Stoneroad] from previous incidents, domestics, or other traffic incidents and knew him to have a suspended driver's license. A Pennsylvania Department of Transportation Bureau of Driver Licensing Certified Driving History was entered into evidence indicating [Stoneroad] to indeed have a suspended driver's license. The Certified Driving History indicated that [Stoneroad] was convicted of numerous violations of 75 Pa.C.S.A. § 1543(b)(1) (DUI related) and also a violation [of] 75 Pa.C.S.A. § 3802(c) (DUI related).

On cross-examination, Trooper Trotta testified that he was familiar with [Stoneroad] because he had stopped [Stoneroad] "a bunch of times for driving under suspension." Trooper Trotta testified that he was able to see [Stoneroad] sitting in [Stoneroad's] car. The road [Stoneroad] was pulling out of was perpendicular to the road that Trooper Trotta was traveling on. Trooper Trotta indicated that it could not have been more than ten (10) to . . . twenty (20) feet from him to [Stoneroad].

Following cross-examination of Trooper Trotta, [Stoneroad's] counsel attempted to have [Stoneroad] testify. [Stoneroad] was being unduly [un]cooperative and no questions were asked of him. [Stoneroad] had attempted to discuss three issues that he wanted to preserve on [appeal]. [Stoneroad] was informed that his appellate rights were going to attach regardless of what the decision was.[14]

> [14] It is also noted that [Stoneroad's] counsel indicated that he had explained to [Stoneroad] that his appellate rights were going to attach regardless.

Trial Court Opinion ("T.C.O."), 12/4/2014, at 2-3 (record citations and most footnotes omitted).

On August 25, 2014, following a summary appeal hearing, the trial court found Stoneroad guilty, assessed a $500 fine, and awarded Stoneroad credit for time served to discharge a sentence of sixty to ninety days'

incarceration. Stoneroad timely appealed. On November 4, 2014, counsel for Stoneroad filed a statement of intent to file an **Anders**/**McClendon**[2] brief in lieu of a statement of errors pursuant to Pa.R.A.P. 1925(b). The trial court entered its Pa.R.A.P. 1925(a) opinion on December 4, 2014.

On December 29, 2014, counsel for Stoneroad filed with this Court an **Anders** brief in which he presented issues that might arguably support an appeal. Counsel filed a petition for leave to withdraw as counsel on the same day, in which he stated that, after a conscientious examination of the record, he determined that the appeal would be frivolous. **See** Petition for Leave to Withdraw as Counsel, 12/29/2014, at unnumbered page 1 ¶ 3. Attached to the petition is a copy of a letter that counsel sent to Stoneroad advising him of counsel's intent to seek withdrawal as his counsel and of Stoneroad's right to retain new counsel or to proceed with his appeal *pro se*, and providing him with a copy of the **Anders** brief filed with this Court. **See id.** at Exhibit C. Stoneroad has not responded to counsel's petition for leave to withdraw.

> [I]n the **Anders** brief that accompanies . . . counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably

---

[2]     **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), *abrogated in part by* **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009); **see also** Pa.R.A.P. 1925(a)(4).

supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. O'Malley*, 957 A.2d 1265, 1266 (Pa. Super. 2008) (citations omitted).

In the instant case, counsel has complied substantially with the *Anders* and *Santiago* requirements. Counsel has submitted a brief that summarizes the case and cites to the record, *see Anders* Brief at 6-7; refers to anything that might arguably support the appeal, *id.* at 8; and sets forth his reasoning and conclusion that the appeal is frivolous, *id.* at 9-13. *See Santiago*, 978 A.2d at 361. Counsel has filed a petition for leave to withdraw as counsel, sent Stoneroad a letter advising him that counsel found

no non-frivolous issues, provided Stoneroad with a copy of the **Anders** brief, and notified Stoneroad of his right to retain new counsel or proceed *pro se*. Stoneroad has not responded.

"Once counsel has satisfied the [**Anders**] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) (citation omitted).

In the **Anders** brief, counsel identified three potential questions for our review:

> 1. Whether the trial court illegally sentenced [Stoneroad] to the mandatory minimum sentence of sixty (60) days' incarceration pursuant to 75 Pa.C.S.A. [§] 1543(b)(1) as the statute at issue is unconstitutional as a whole since it violates [Stoneroad's] right to a jury trial under Article I, Section IX of the Pennsylvania Constitution and the Sixth Amendment to the United States Constitution?
>
> 2. Whether the Commonwealth failed to present sufficient evidence to sustain [Stoneroad's] conviction for driving while his operating privileges were suspended or revoked where [Stoneroad's] suspension related to his initial conviction for driving under the influence of alcohol had concluded?
>
> 3. Whether 75 Pa.C.S.A. [§] 1543 is unconstitutional as a whole where it violates [Stoneroad's] right of interstate movement under the Privileges and Immunities Clause to [*sic*] the United States Constitution, Article IV, Section 2, Clause 1?

**Anders** Brief at 5.

In his first issue, Stoneroad asserts that his mandatory minimum sentence of sixty days' incarceration is illegal because the statute is

"unconstitutional as a whole since it violates [Stoneroad's] right to a jury trial[.]" *Id.* at 9. We disagree.

"Issues relating to the legality of a sentence are questions of law. . . . Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

> A challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction. The phrase "illegal sentence" is a term of art in Pennsylvania Courts that is applied to three narrow categories of cases. Those categories are: (1) claims that the sentence fell outside of the legal parameters prescribed by the applicable statute; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The instant case falls into the latter category.
>
> In *Apprendi*, the Supreme Court of the United States held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Stated another way, it "is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." *Id.* (quoting *Jones v. United States*, 526 U.S. 227, 252-53, 119 S. Ct. 1215, 143 L. Ed. 2d 311, (1999) (Stevens, J. concurring)).

*Commonwealth v. Munday*, 78 A.3d 661, 664-65 (Pa. Super. 2013) (some citations and quotation marks omitted).

Here, Stoneroad argues that, pursuant to *Apprendi*, *supra*, "since the penalties are higher where an individual is convicted of driving during a DUI-

related suspension than during a non-DUI related suspension the existence of a predicate DUI must be found by a jury beyond a reasonable doubt." **Anders** Brief at 10. However, by its own language, **Apprendi** excludes "the fact of a prior conviction" from findings which require jury deliberation. **Apprendi**, 530 U.S. at 490; **see also Commonwealth v. Watley**, 81 A.3d 108, 117 (Pa. Super. 2013). Thus, the fact of Stoneroad's prior DUI conviction did not need to be found by a jury for the trial court to increase Stoneroad's sentence for conviction of DUI-related driving under suspension, 75 Pa.C.S.A. § 1543(b)(1). Stoneroad's first issue is frivolous and would not merit relief.

Second, Stoneroad contends that the Commonwealth failed to present sufficient evidence to support a conviction of driving under suspension because the "suspension related to his initial conviction for driving under the influence of alcohol had concluded." **Anders** Brief at 10. We disagree.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and

all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Phillips**, 93 A.3d 847, 856 (Pa. Super. 2014) (citations omitted; bracketed material in original). Further, "[w]hen reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000).

Stoneroad was convicted of driving while his operating privileges were suspended or revoked, which is defined as follows:

A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. § 1543(b)(1).

Stoneroad contends that his driver's license was suspended for one year because of a DUI, beginning on August 1, 2008, and that the suspension had expired long before his instant conviction. However, at

Stoneroad's summary appeal hearing, the Commonwealth entered, via Stoneroad's driving record, the status of Stoneroad's license as of the date of the incident. The record shows that, on April 8, 2013, Stoneroad's license was still suspended due to repeated violations of driving under suspension. *See* Notes of Testimony, 8/25/2014, at 6. Thus, although the original suspension term of one year had expired, Stoneroad's intervening violations had extended that period of suspension. Accordingly, the admission of Stoneroad's certified driving record demonstrating that his license was suspended at the time of the incident was sufficient evidence to support his conviction under 75 Pa.C.S.A. § 1543(b)(1). *See Phillips*, 93 A.3d at 856. This issue is frivolous and would not merit relief.

Third, Stoneroad asserts that 75 Pa.C.S.A. § 1543 is "unconstitutional as a whole where it violates [Stoneroad's] right of interstate movement under the Privileges and Immunities Clause to [*sic*] the United States Constitution, Article IV, Section 2, Clause 1." *Anders* Brief at 12. We disagree.

"Appellate review of constitutional challenges to statutes, disputes over the legality of a sentence, a court's application of a statute, and general questions of law involve a plenary scope of review. As with all questions of law, the appellate standard of review is *de novo*[.]" *Commonwealth v. Shawver*, 18 A.3d 1190, 1194 (Pa. Super. 2011).

Here, Stoneroad asserts that 75 Pa.C.S.A. § 1543 is unconstitutional because suspending his driver's license is a violation of his right to interstate

movement. However, "the Privileges and Immunities Clause of Article IV prevents a state government from discriminating against a transient defendant by denying him the protections of its law or the right of access to its courts." ***Burnham v. Superior Court of Cal.***, 495 U.S. 604, 638 (1990). It does not contemplate a right to drive from state to state, as Stoneroad would have us find. Instead, it is long-settled that "driving is a privilege, not a fundamental right." ***Commonwealth v. Jenner***, 681 A.2d 1266, 1273 (Pa. 1996).

> The permission to operate a motor vehicle upon the highways of the Commonwealth is not embraced within the term civil rights, nor is a license to do so a contract or a right of property in any legal or constitutional sense. Although the privilege may be a valuable one, it is no more than a permit granted by the state, its enjoyment depending upon compliance with the conditions prescribed by it, and subject always to such regulation and control as the state may see fit to impose.

***Commonwealth v. Funk***, 186 A. 65, 67-68 (Pa. 1936). Therefore, the "right to interstate movement" under the Privileges and Immunities Clause is not implicated by 75 Pa.C.S.A. § 1543. ***See Shawver***, 18 A.3d at 1194. Stoneroad's constitutional challenge is frivolous and does not merit relief.

We have reviewed the trial court's disposition of Stoneroad's issues and conclude that the trial court did not abuse its discretion where the issues he raised are frivolous and without merit. Furthermore, upon independent review, we find no other non-frivolous basis for appeal. Therefore, we conclude that Stoneroad's appeal is wholly frivolous. ***O'Malley***, 957 A.2d at 1266.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/12/2015