J-S41037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAULA TAYLOR, | |
| Appellant | No. 2019 MDA 2014 |

Appeal from the Judgment of Sentence November 12, 2014
in the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0000892-2014

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAULA TAYLOR, | |
| Appellant | No. 2020 MDA 2014 |

Appeal from the Judgment of Sentence November 12, 2014
in the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0000125-2014

BEFORE:  ALLEN, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 12, 2015**

Appellant, Paula Taylor, appeals from the judgment of sentence of not

less than forty months' nor more than ten years' incarceration, following her

---

[*] Retired Senior Judge assigned to the Superior Court.

open guilty plea to two counts of retail theft, 18 Pa.C.S.A. § 3929(a)(1).

Appellant claims her sentence is excessive.  We affirm.

The sentencing court aptly set forth the facts of this case in its March

4, 2015 opinion:

> Under Information 125-2014, the Williamsport police charged Appellant Paula Taylor with retail theft, a felony of the third degree, as a result of an incident on January 7, 2014 at the Weis Markets where she was observed taking items such as hairspray, face wipes[,] and mayonnaise, and placing them in her purse without paying for them.  Appellant tendered an open guilty plea to this charge on May 2, 2014.

> Under Information 892-2014, the Williamsport police charged Appellant with retail theft and receiving stolen property, both graded as felonies of the third degree, arising from an incident on May 18, 2014 at Kohl's involving merchandise valued at $1227.09.  On October 17, 2014, Appellant entered an open guilty plea to both charges.

> On November 12, 2014, the court sentenced Appellant to an aggregate term of forty (40) months to ten (10) years of incarceration in a state correctional institution, consisting of sixteen (16) months to five (5) years for retail theft in case 125-2014 and a consecutive term of twenty-four (24) months to five (5) years for retail theft in case 892-2014.

> Appellant filed a timely motion for reconsideration of sentence in which she asserted that: (1) the reasons given by the court for the twenty-four (24) month minimum sentence for case 892-2014, which was beyond the aggravated range, were insufficient; (2) the aggregate sentence of forty (40) months to ten (10) years was unduly harsh and manifestly excessive; (3) the court failed to adequately consider Appellant's obvious need for continuing mental health and drug and alcohol treatment; and (4) the court failed to consider reports that Appellant had made strides in treatment just prior to sentencing. The court summarily denied this motion.

> Appellant filed a timely notice of appeal.  The sole issue asserted by Appellant in her appeal is that the sentencing court

abused its discretion when imposing sentence as specified in her motion for reconsideration of sentence.

(Sentencing Court Opinion, 3/04/15, at 1-2) (footnote omitted). [1, 2]

Appellant filed a timely motion for reconsideration. The sentencing court denied that motion. Appellant filed a timely notice of appeal.

Appellant raises one question for our review:

1. Did the trial court abuse its discretion when imposing an aggregate sentence of 40 months to 10 years in a state correctional institution for 2 separate third degree felony retail theft offenses, exceeding the aggravated range of the sentencing guidelines on the second, where the [Appellant] has substantial mental and physical disabilities?

(Appellant's Brief, at 4).

Appellant claims that the sentencing court abused its discretion by imposing a sentence above the aggravated range and failing to consider her mental and physical disabilities. (*See id.* at 3). Specifically, she claims that the sentence is manifestly excessive in relation to her criminal conduct, rehabilitative needs, and physical and mental disabilities. (*See id.* at 7). We disagree.

_____

[1] Defendant is not R.R.R.I. eligible because of a prior robbery conviction. (*See* Sentencing Order, 11/12/14, at 1).

[2] Pursuant to the sentencing court's order, Appellant filed a timely concise statement of errors complained of on appeal on December 8, 2014. *See* Pa.R.A.P. 1925(b). The court filed a Rule 1925(a) opinion on March 4, 2015. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant challenges the discretionary aspects of her sentence. "When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in [the] brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code Pa.R.A.P. 2119(f)." *Commonwealth v. Prisk*, 13 A.3d 526, 532 (Pa. Super. 2011). We note, "[t]he right to appeal the discretionary aspects of a sentence is not absolute." *Commonwealth v. Kittrell*, 19 A.3d 532, 538 (Pa. Super. 2011), *appeal denied* 32 A.3d 1276 (Pa. 2011).

"[T]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014) (citation omitted).

> If an appellant . . . complies with all statutory and procedural requirements regarding a challenge to the discretionary aspects of sentencing, and articulates in his [or her] Rule 2119(f) statement a substantial question so as to warrant appellate review, § 9781 requires the Superior Court to review the manner in which the trial court exercised its discretion. . . .

*Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002).

Here, Appellant included a Rule 2119(f) statement in her brief that demonstrated a substantial question, specifically, if the court properly considered mitigating fact. Our standard of review for a challenge to sentencing is well settled:

- 4 -

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Raven, supra*, at 1253 (citation omitted).

Here, Appellant claims the sentencing court did not consider her mental and physical disabilities, or her improvement in treatment. (*See* Appellant's brief, at 8, 10).

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the [appellant's] **character**, and the [appellant's] display of remorse, defiance, or indifference.

*Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015) (citation omitted) (emphasis added). Further, "[m]ental illness is clearly a factor that may be considered in sentencing. However, the trial court was also correct in stating that it does not mandate a modification or reduction in any sentence that would or could be imposed." *Commonwealth v. Diaz*, 867 A.2d 1285, 1287 (Pa. Super. 2005) (record citation omitted).

Additionally, when an appellant has a lengthy history of recidivism, the sentencing court may appropriately impose a lengthier sentence.

> The courts of this Commonwealth have repeatedly recognized that the general purpose of graduated sentencing

laws is to punish more severely [those] offenders who have persevered in criminal activity despite the theoretically beneficial effects of penal discipline. Stated another way, the purpose of such laws is to enhance punishment when the defendant has exhibited an unwillingness to reform his [or her] miscreant ways and to conform his [or her] life according to the law. Accordingly, following the recidivist logic, each strike that serves as a predicate offense must be followed by [a disposition] and, by necessary implication, an opportunity to reform, before the offender commits the next strike. . . .

*Commonwealth v. Shawver*, 18 A.3d 1190, 1197 (Pa. Super. 2011) (citation omitted).

Here, the sentencing court considered Appellant's lengthy criminal record when determining the sentence. At sentencing, the court discussed Appellant's criminal history, including her nine previous convictions of retail theft, nine non-retail related thefts, including identity theft, robbery, and forgery, and three substance-related convictions. (*See* N.T. Sentencing, 11/12/14, at 3). As noted by the Commonwealth, if fully calculated, Appellant has a prior record score of fourteen. (*See id.* at 7). The record does not reflect this true score because of a statutory cap of five points. (*See* Sentencing Ct. Op., 3/04/15, at 3).

Further, the court considered that the May 18, 2014 theft occurred while Appellant was out on bail following a guilty plea on May 2, 2014 for the January 7, 2014 theft. (*See* N.T. Sentencing, 11/12/14, at 14-15). Additionally, the court noted Appellant's medical and psychiatric disabilities, as well as injuries sustained from her 2012 DUI related car accident. (*See id.* at 5, 13). The court further considered the rehabilitative needs of

Appellant, specifically citing the ineffectiveness of her previous treatment in curbing her propensities to commit crimes. (*See* Sentencing Ct. Op., at 5).

In total, Appellant has pleaded guilty to over twenty theft charges. (*See* Presentence Investigation Report (PSI), 7/11/14, at unnumbered pages 1-2). The sentencing court considered these twenty prior convictions. (*See* N.T. Sentencing 11/12/14, at 3). The court noted Appellant's poor response to past courts' help, including her continued recidivism during treatment. (*See id.* at 13). The sentencing court also noted that her treatments through mental health court, therapy, mental health services, outpatient services, inpatient services and even imprisonment did not help her to reform her thirty year history of stealing. (*See id.* at 15).

Additionally, the sentencing court considered mitigating factors, such as Appellant's disabilities and rehabilitative needs. (*See id.* at 4). The court also noted that at some points she had been treatment compliant. (*See id.* at 6). However, the court concluded that neither of these factors outweighed Appellant's long history of non-compliant recidivist behavior. (*See id.* at 17). Specifically, the judge found the aggravating factors outweighed the mitigating factors, and aptly stated to Appellant at sentencing:

> There's lots of people in wheelchairs who don't steal stuff. There's lots of people with physical disabilities who don't steal stuff. With mental issues who don't steal stuff. I didn't read anything that said you couldn't be treated with medication. What I read was you're medication non-compliant. [. . .] I'm sorry you suffered the physical

> disabilities that you suffered, and significant injuries, but you made that choice.

(*See id.* at 17).

Moreover, the sentencing court had the benefit of obtaining Appellant's PSI. (*See* N.T. Sentencing, 11/12/14, at 3). When "the sentencing court had the benefit of a presentence investigation report [] it is presumed that the sentencing court was aware of all relevant information regarding [appellant's] character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Tirado*, 870 A.2d 362, 366 n.6 (Pa. Super, 2005) (citation omitted). Therefore, in the instant case, we presume the sentencing court properly weighed the considerations.

Accordingly, we conclude that the court properly weighed both aggravating and mitigating factors. *See Tirado, supra*, at 366. Hence, the sentencing court did not abuse its discretion in sentencing Appellant outside the aggravated range of the sentencing guidelines. *See Raven, supra*, at 1253. Appellant's claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/12/2015