J-S47005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRENCE JAMES LUCAS, | |
| Appellant | No. 2221 MDA 2015 |

Appeal from the PCRA Order December 1, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001060-2014

BEFORE: SHOGAN, LAZARUS, and JENKINS, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED AUGUST 11, 2016**

Terrence James Lucas ("Appellant") appeals *pro se* from the December 1, 2015 order dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm.

The PCRA court summarized the history of this case as follows:

> On Docket Number 1060-2014, [Appellant] was charged with one count of Criminal Attempt-Criminal Homicide, one count of Aggravated Assault, and one count of Possession of Firearm Prohibited. On October 8, 2014, the Commonwealth provided notice to [Appellant] that the Commonwealth intended to seek imposition of a ten-year mandatory minimum sentence, based upon [Appellant's] prior conviction of a "crime of violence," pursuant to 42 Pa.C.S.A. § 9714(a)(1). The Commonwealth sought a mandatory sentence because [Appellant] was convicted on April 1, 2002 of Robbery.
>
> That same day, [Appellant] entered a negotiated guilty plea to the charges of attempted homicide and possession of

firearm prohibited. Consistent with the plea agreement, the [c]ourt sentenced [Appellant] to ten to twenty years of imprisonment on the count of attempted homicide, invoking Pennsylvania's second strike statute for repeat violent offenders, and three and one half to ten years imprisonment on the count of possession of firearm prohibited. The two counts were made consecutive to each other. In sum, [Appellant] was sentenced to an aggregate period of incarceration of not less than thirteen and one half years nor more than thirty years.

[Appellant] did not file a post-sentence motion or a direct appeal. As a result, his judgment became final under the PCRA on November 7, 2014, upon expiration of the time to file an appeal to the Superior Court of Pennsylvania. *See* Pa.R.A.P. 903(a). He timely filed the instant *pro se* petition for PCRA relief on August 20, 2015, challenging the legality of his sentence in light of *Alleyne v. United States* and *Commonwealth v. Newman*.[9] [Appellant] claims that his sentenced violated *Alleyne* and it's [sic] Pennsylvania progeny because the determination of whether section 9714(a)(1) was satisfied must be made by a fact-finder and proven beyond a reasonable doubt. Counsel was appointed to represent [Appellant] and filed a motion to withdraw as Counsel and a *Turner/Finley* letter on October 28, 2015.

> [9] *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014)(held that 42 Pa. C.S.A. § 9712.1, which requires a mandatory minimum sentence for certain drug offenses committed with firearms, is unconstitutional under *Alleyne*).

PCRA Court Rule 907 Notice, 11/3/15, at 1–3 (some footnotes omitted).

Following an independent review of the record, the PCRA court determined, "[N]o purpose would be served by any further proceedings and [Appellant] is not entitled to PCRA relief." *Id.* at 1. The PCRA court filed a Pa.R.Crim.P. 907 notice and order on November 3, 2015, advising Appellant of its intent to dismiss his petition and affording Appellant twenty days in which to file a response. Order, 11/3/15, at ¶ 1. The PCRA court also permitted counsel to

withdraw. *Id.* at ¶ 2. When no response was forthcoming, the PCRA court dismissed Appellant's petition by order dated November 30, 2015, and docketed December 1, 2015. This appeal followed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.[1]

Appellant presents two questions for our consideration, which we reproduce below *verbatim*:

> I.
> PETITIONER MAINTAINS THAT HIS MANDATORY MINIMUM SENTENCE(S) IS ILLEGAL AND THAT BY ENFORCING SUCH SENTENCE UPON THOSE WHO HAVE A PRIOR RECORD AND NOT FOR THOSE WHO DON'T CREATWES VIOLATIONS OF EQUAL PROTECTION, DUE PROCESS AND CRUEL AND UNUSUAL PUNISHMENT. LEAVING ALL PRIOR COUNSEL INEFFECTIVE FOR FAILING TO OBJECT OR RAISE SUCH CLAIM CREATING REVERSIBLE ERROR?

> II.
> PETITIONER MAINTAINS THAT THE TRIAL COURT ABUSED IT'S DISCRETION BY SENTENCING HIM TO TWO MANDATORY MINIMUM SENTENCES AND THEN RUNNING THEM CONSECUTIVELY. FURTHER LEAVING ALL PRIOR COUNSEL INEFFECTIVE FOR FAILING TO OBJECT OR RAISE SUCH CLAIM ON APPEALCREATING REVERSIBLE ERROR?

Appellant's Brief at 4.

Our standard of review of a trial court order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error.

---

[1] The PCRA court submitted the opinion accompanying its November 3, 2015 Rule 907 Notice as its Pa.R.A.P. 1925(a) opinion. Memorandum, 12/31/15.

*Commonwealth v. Perez*, 103 A.3d 344, 347 (Pa. Super. 2014). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Initially, we note that, in both questions presented, Appellant raises claims of ineffective assistance of counsel ("IAC"). However, our review of the record reveals that, although Appellant raised an IAC claim related to plea counsel in his petition, he did not include any IAC claims in his Pa.R.A.P. 1925(b) statement. Therefore, his current IAC claims are waived. Pa.R.A.P. 1925(b)(4)(vii); *see also Perez*, 103 A.3d at 347 n.1 (holding that issues not included in PCRA petitioner's Pa.R.A.P. 1925(b) statement were waived for purposes of appeal).[2] Thus, we address only the legality-of-sentence claims.

Appellant first argues that the mandatory minimum sentence he received is illegal under *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013). In his own words, Appellant "is challenging the permitance of a Judge to impose a mandatory minimum sentence without presenting the facts and circumstances to a jury, a Constitutionally recognized fact finder.

---

[2] Even if Appellant's IAC claims were not waived, we would not grant him relief because both of his underlying sentencing claims lack merit. *See Commonwealth v. Paddy*, 15 A.3d 431, 443 (Pa.2011) ("Because we have determined that Appellant's underlying claims lack merit, the PCRA court did not abuse its discretion in rejecting Appellant's layered claims of ineffectiveness of counsel based upon those assertions.").

This would create an equal platform for all of those convicted of crimes which could receive mandatory minimum sentences." Appellant's Brief at 8. Appellant argues that, because not all crimes are similar, "an individual could commit a brutal and heinace [sic] crime and receive less punishment than an individual who committed a crime that is non-violent or not anywhere close to the degree of another just because of a prior conviction of a felony." *Id.* at 7. We acknowledge Appellant's attempt to present his challenge in a novel framework; however, we conclude that no relief is due.

"*Alleyne* held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt." *Commonwealth v. Washington*, ___ A.3d ___, 37 EAP 2015, 2016 WL 3909088, at *1 (Pa. July 19, 2016); *see also Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

Appellant's mandatory minimum sentence was imposed pursuant to 42 Pa.C.S. § 9714, which reads, in relevant part, as follows:

**(a) Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of

> total confinement, notwithstanding any other provision of this title or other statute to the contrary.
>
> * * *
>
> **(d) Proof at sentencing.--**Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section. . . .

42 Pa.C.S. § 9714(a)(1), (d).

Furthermore, as stated by the United States Supreme Court:

> [T]he sentencing factor at issue here—recidivism—is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence. Consistent with this tradition, the Court said long ago that a State need not allege a defendant's prior conviction in the indictment or information that alleges the elements of an underlying crime, even though the conviction was necessary to bring the case within the statute. *Graham v. West Virginia*, 224 U.S. 616, 624, 32 S.Ct. 583, 585–86, 56 L.Ed. 917 (1912). That conclusion followed, the Court said, from "*the distinct nature of the issue*," and the fact that recidivism "does not relate to the commission of the offense, *but goes to the punishment only*, and therefore ... may be subsequently decided." *Id.*, at 629, 32 S.Ct., at 588 (emphasis added). The Court has not deviated from this view. . . [T]o hold that the Constitution requires that recidivism be deemed an "element" of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating

recidivism as "go[ing] to the punishment only." ***Graham***, ***supra***, at 629, 32 S.Ct., at 587–588.

***Almendarez-Torres v. United States***, 523 U.S. 224, 243–244 (1998) (some internal citations omitted). Thus, because recidivism is a sentencing factor, not a factual element, the lower standard of proof in section 9714 does not violate ***Alleyne***. In fact, ***Apprendi*** and its progeny expressly delineate an exception to the general rule for "prior convictions." ***See Apprendi***, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); ***Alleyne***, 133 S.C.t at 2160 n.1 ("In ***Almendarez-Torres***, we recognized a narrow exception to [the] general rule for the fact of a prior conviction.").

After analyzing and applying the above jurisprudence, the PCRA court concluded as follows:

> Here, [Appellant] was legally sentenced under 42 Pa.C.S.A. § 9714(a)(1). That statute provides for a mandatory minimum sentence for a defendant previously convicted of a crime of violence. The fact triggering [Appellant's] mandatory minimum sentence was solely the existence of his prior conviction, which, under the law, need not be presented to a jury and proven beyond a reasonable doubt. As such, neither *Alleyne* nor *Newman* are applicable to [Appellant's] case. The imposition of a mandatory minimum sentence on [Appellant] as a second strike offender was not unconstitutional. [Appellant] is not entitled to post-conviction relief, and no purpose would be served by any further proceedings.

PCRA Rule 907 Notice, 11/3/15, at 5.

Upon review, we conclude that the decision of the PCRA court is supported by the evidence of record and is free of legal error. Thus, Appellant's legality-of-sentence claim does not merit relief.

In response to Appellant's trifold constitutional concerns—*e.g.*, equal protection, due process, cruel and unusual punishment—we endorse the Commonwealth's arguments:

> [First,] equal protection objections to criminal recidivist statutes, those based upon prior conduct/convictions are subject to a rational basis analysis. . . . The underlying rational basis for imposing greater sentences upon recidivists is . . . to enhance punishment when the defendant has exhibited an unwillingness to reform his miscreant ways and to [conform] his life according to the law.

Commonwealth's Brief at 8–9 (quoting **Commonwealth v. Shawyer**, 18 A.3d 1190, 1197 (Pa. Super. 2011)). Here, Appellant has exhibited an unwillingness to reform his ways, to conform his life to the law, and to respect the value of human life.

Second, "Appellant's due process claim is put forth with no specificity; he merely makes the bald assertion that his due process rights have been violated. . . . [T]he claim should be denied." Commonwealth's Brief at 9 (citing **Commonwealth v. Mann**, 820 A.3d 788, 794 (Pa. Super. 2003)). **See also Commonwealth v. Spotz**, 896 A.2d 1191, 1229 (Pa. 2006) ("Other than making [a] bald assertion, Spotz does not direct the Court to any evidence to support his argument.").

Third, regarding Appellant's cruel and unusual punishment claim, "there is no gross proportionality between the Appellant's criminal conduct and the punishment imposed." Commonwealths' Brief at 12 (applying *Commonwealth v. Baker*, 78 A.3d 1044, 1051–1052 (Pa. 2013) (affirming that mandatory minimum sentence of twenty-five years as second offender for possession of child pornography did not violate prohibition against cruel and unusual punishment)). Here, Appellant pleaded guilty to attempted homicide as a repeat felony offender. His sentence of ten years for attempted homicide and his sentence of three and one-half years for the firearm violation were within the standard guideline ranges. Basic Sentencing Matrix (7th ed.), 204 Pa.Code § 303.16(a). Thus, we further conclude that Appellant's aggregate sentence of thirteen and one-half to thirty years does not amount to cruel and unusual punishment and, therefore, is constitutionally sound.

In his second question presented, Appellant complains that the trial court erred in sentencing him (a) to a mandatory minimum sentence on the firearm charge where no notice of a sentencing enhancement was given and (b) to consecutive sentences. Appellant's Brief at 8. The first complaint is belied by the record. Appellant did not receive a mandatory minimum or sentencing enhancement on the firearm conviction. Sentencing Guidelines Worksheet, 10/8/14. As the Commonwealth explains:

> On the Firearm charge, a felony of the second degree, the
> maximum term of incarceration is ten years. 18 Pa.C.S.

- 9 -

§ 1103(2). On that charge, the Appellant received a sentence of three and one-half to ten years; he could have received five to ten years, so he received less than the statutory maximum.

Commonwealth's Brief at 13. Thus, this claim does not merit relief.

The second complaint is a challenge to the discretionary aspects of Appellant's sentence. *See Commonwealth v. Moury*, 992 A.2d 162, 169 (Pa. Super. 2010) (claim that imposition of consecutive sentences was an abuse of discretion was a challenge to the discretionary aspects of sentencing). Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings. 42 Pa.C.S. § 9543(a)(2); *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2006). Accordingly, this claim does not afford Appellant relief.

In sum, Appellant's various claims either lack merit or are not reviewable. Accordingly, we affirm the order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2016

- 10 -